No. 21,096.

THE MAPLE GROVE DRAINAGE DISTRICT, *Appellant,* V. A. A. HICKS et al., as the Board of Highway Commissioners of Grant Township in Douglas County, *Appellees.*

### SYLLABUS BY THE COURT.

DRAINAGE DISTRICT—*No Power to Regulate Construction of Highways or Highway Culverts.* The statute defining the powers and duties of a drainage district does not vest it with power to regulate the construction of highways or of culverts forming parts of highways within the district, but such power over township highways is vested in township officers; and, therefore, the drainage district may not maintain man-damus to compel township officers to construct highway culverts in the district so that they will operate as dams and sluiceways.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 9, 1918. Affirmed.

*J. B. Wilson,* and *B. V. Pardee,* both of Lawrence, for the appellant.

*John Q. A. Norton,* and *Walter G. Thiele,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

. JOHNSTON, C. J.: This proceeding in mandamus was brought by a drainage district to compel township officers, acting as a board of highway commissioners, to construct culverts of certain dimensions and form at three points on highways within the drainage district. The questions involved in this appeal arise upon the ruling of the trial court in sustaining a demurrer to plaintiff's petition. It was alleged that in the drainage district are three bayous or sections of lowland separated by higher ground; that at times of excessive rains large quantities of water collect in these low places; that the natural drainage in the district is in a southerly direction, toward the Kansas river; and that plaintiff had caused surveys to be made and was proceeding to establish and complete a system of drainage under which the water would pass into the Kansas river through a tile thirty inches in diameter which was then in course of construction. The plans made contemplated that the

water should pass from one bayou or low, place to another through pipes or openings not larger than thirty inches, and from the lower bayou through the thirty-inch tile leading to the river. On the higher ground separating the bayous, township highways have been established and culverts are about to be built by the township officers with rectangular openings four feet by six feet in size. It is alleged that these openings would allow the water to pass from one bayou to another in greater volume than could be carried by the tile or single outlet leading to the river. The district served notice of its purposes and plans upon the township officers, with a demand that they build culverts at certain designated places, not to exceed thirty inches in diameter, of substantial material and good construction; but, notwithstanding the notice and demand, the defendants are proceeding to build the culverts in dimensions of four by six feet.

It is insisted that to allow the defendants to build the culverts as they were proceeding to do would result in allowing the water to flow through the ditches much faster than it could be carried off through the thirty-inch tile leading to the river and would defeat the plaintiff's right, as given it by statute, to control the construction and maintenance of its drainage system. Plaintiff is not proposing to build culverts, nor is it claiming that it has authority over the construction and maintenance of the township highways of which the culverts form a part. These powers have been expressly conferred on the township officers. (Gen. Stat. 1915, § 8765.) The powers of the drainage district have been specified by the legislature, but nothing in the act authorizes it to regulate the construction of highways, or to deprive township officers of the powers conferred upon them respecting highways. (Gen. Stat. 1915, § 3896.) Culverts constitute a part of the highway and are necessary to its construction, and the township officers are not only given control of the construction, but the township itself is made liable for injuries which result from defective construction. (Gen. Stat. 1915, § 722.) It may be that culverts or openings of the sizes demanded by the drainage district will not be sufficient to properly drain the water from the highways and, at any rate, the determination of that question is vested in the township officers.

The district is not complaining that the culverts will not allow the water to flow freely across the highways, but that they will not retard the flow of drainage so as to accommodate a small pipe at the lower end of the district. There might be cause for complaint if the officers had constructed the highways so that they would have prevented the free flow of water, but it appears that the proposed construction facilitates the flow, and presumably it is one which contributes to the efficiency and durability of the highways. The plaintiff is asking, in effect, that the township officers be compelled to construct the highways so that they will operate as dams and sluiceways, holding back the water during periods of excessive rains and only allowing the passage of so much as will flow through a pipe thirty inches in diameter. If dams, levees, floodgates, and sluiceways are essential to efficient drainage of the district, the plaintiff has the power to construct them (Gen. Stat. 1915, § 3896), but the legislature has not authorized it to control the construction and maintenance of highways.

The law of course proceeds on the theory that officers in the performance of their several duties in the district will cooperate so far as practicable, so that the exercise of the powers devolved upon one will not obstruct or defeat those conferred on the other, and that all will work together for the general welfare. It must be assumed that the township officers were acting in good faith, and until the legislature gives the drainage district the control of highways in the district, such control must be exercised by the officers upon whom it has been laid.

The judgment of the district court is affirmed.